*ORIGINAL*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK



RECEIVED
AUG 18 2021
PRO SE OFFICE

Leonard F. Goodman,

                           Plaintiff,

-against-

Local 804 Union of the International
Brotherhood of Teamsters (IBT)
and
United Parcel Service Inc. (UPS),

                    Defendants.

**Complaint**
for a Civil Case

CV 21 - 4655

**Jury Trial:**   Yes

DONNELLY, J.

BLOOM, M.J.

## **TABLE OF CONTENTS**

PARTIES TO COMPLAINT ...............................................................................3

BASIS FOR JURISDICTION………………………………………………………….4

AMOUNT IN CONTROVERSY...............................................................................4

STATEMENT OF CLAIM..........................................................................................4

RELIEF........................................................................................................................6

EXHAUSTION OF FEDRAL ADMINISTRATIVE REMEDIES…………………….…..6

CERTIFICATE AND  CLOSING………………………………………………………  6

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

| | |
|---|---|
| Name | Leonard F. Goodman |
| Street Address | 486 Brooklyn Avenue  *Apt# F-15* |
| City and County | Brooklyn        Kings County |
| State and Zip Code | New York, 11225 |
| Telephone Number | 917-923-9364 |
| E-mail Address | L.Goodman1225@gmail.com |

### B.    The Defendant(s)

**Defendant No. 1**

| | |
|---|---|
| Name | United Parcel Service Inc. (UPS) |
| Job or Title | Corporation Service Company |
| Street Address | 80 State Street |
| City and County | Albany        Albany County |
| State and Zip Code | New York, 12207-2543 |
| Telephone Number | 404-828-7825 |
| E-mail Address | Unknown |

**Defendant No. 2**

| | |
|---|---|
| Name | Local 804 Union (IBT) |
| Job or Title | Labor Union |
| Street Address | 34-21 Review Avenue |
| City and County | Long Island City        Queens County |
| State and Zip Code | New York, 11101 |
| Telephone Number | 718-786-5700 |
| E-mail Address | v.perrone@teamsterslocal804.org |

## II.    Basis for Jurisdiction

Federal question

A. This action is brought for unlawful discharge and unfair labor practices in employment pursuant to:

1. Article 7 of the National Master United Parcel Service Agreement (NMA)
2. Article 12, Sections 1 & 2 of the Local 804 & UPS Supplemental Agreement to the National Master UPS Agreement (Collective Bargaining Agreement) (CBA)
3. Article 18, Sections 1 & 2 CBA, and
4. Labor Management Relations Act (LMRA) §301 (Title 29 U.S.C. §185)

## III.    The Amount in Controversy

1. Is more than $20,000.00 in loss wages, (*not counting interest*), compensatory and exemplary damages at approximately, and court costs at approximately $465.00, because on or about November 12, 2020, Plaintiff was wrongfully discharge by Defendant UPS and Defendant Local 804 union failed to represent Plaintiff by failing to process Plaintiff's grievance in accordance with Article 18, Sections 1 & 2 of the Collective Bargaining Agreement (CBA) and by failing to invoke Article 7 of the NMA against Defendant UPS. As a result, Plaintiff lost his place of employment, salary, and allowances from November 12, 2020, thru to present date. At the time Plaintiff was discharged Plaintiff was a dues paying Local 804 union member in good standing and in exchange for paying union dues it was the sole responsibility for Local 804 union to represent Plaintiff and enforce the NMA and CBA on behalf of Plaintiff.

## IV.    Statement of Claim

1. On or about February 2005, Plaintiff was hired by Defendant UPS as a full-time package car driver and assigned to the Foster Avenue Facility located at 104-01 Foster Avenue, Brooklyn, NY 11236, On or about November 12, 2020, Plaintiff was informed by Defendant UPS's division manager Chris Travaglia that Plaintiff had been discharged for reason(s) unknown in violation of Article 7 of the NMA and in violation Article 12, Sections 1 & 2 of the CBA. Plaintiff was not given a written '*notice of discharge*' pursuant to Article 12, Section 2, of the CBA nor was Plaintiff allowed to remain on the job with pay pursuant to Article 7 of the NMA and Article 12, Sections 1 and 2 of the CBA.

2.     On or about November 12, 2020, Plaintiff informed Defendant Local 804 union's Shop Steward, Juan Acosta that Defendant UPS had discharged Plaintiff without pay and without issuing Plaintiff a '*notice of discharge*' explaining specifically the reason(s) why Plaintiff was being discharge.

3.     Article 7, states that "*except in cases involving cardinal infractions under the applicable Supplement, Rider or Addendum, an employee to be discharged or suspended shall be allowed to remain on the job, without loss of pay unless and until the discharge or suspension is sustained under the grievance procedure*. Article 12, Section 1 states that "*the following shall be causes for immediate suspension or discharge of an employee: drinking or proven or admitted dishonesty. In cases not involving the theft of money or merchandise an employee will remain on the job until a hearing is held with the business agent. Such hearing will take place within seventy-two (72) hours*". Finally, Article 12, Section 2 states that "*in all other cases involving the discharge or suspension of an employee, the Company will give three (3) working days' notice to the employee of the discharge or suspension and the reason, therefore*.

4.     Plaintiff was not discharged for drinking, theft of money or merchandise, and Defendant UPS has not provided any creditable evidence that Plaintiff committed a cardinal infraction.  Plaintiff did not admit to doing anything that amounted to any degree of dishonesty nor had Defendant UPS proven or alleged that Plaintiff committed any violation of the UPS's '*340 Methods and Procedures Manual*', no alleged or cited violation of UPS's '*Policy Manual*', no alleged or cited violation of UPS's '*Code of Business Conduct Manual*' and no alleged or cited violation of UPS "*Policy Notices*", and therefore, in accordance to Article 7 of the (NMA) "*Plaintiff, shall be allowed to remain on the job, without loss of pay unless and until Plaintiff's discharge or suspension is sustained under the grievance procedure.*

5.     Article 12, Section 2, paragraph 2 of the CBA states,  "*Discipline shall be for just cause. For non-cardinal infractions, the employee shall be allowed to remain on the job consistent with Article 7 of the National Master Agreement, without loss of pay unless and until the discharge or suspension is sustained under the grievance procedure.*" Defendant UPS has not given Plaintiff a notice of discharge stating specifically the cause(s) for Plaintiff's discharge and Defendant Local 804 union has refused to process Plaintiff's grievance pursuant to Article 18, Sections 1 & 2.

6.     UPS wrongfully discharged Plaintiff without just cause in violation of Article 7, of the NMA and in violation of Article 12, Sections 1 & 2 of the CBA. Defendant Local 804 union refused to represent Plaintiff by failing to invoke Article 7 of the (NMA) against Defendant UPS for violating Plaintiff's right to  the job with-pay until Plaintiff's arbitration is decided. Section 8(b)(1)(A) of the National Labor Relations Act

(NLRA) makes it unlawful for a labor organization or its agents "*to restrain or coerce employees in the exercise of the rights guaranteed them in Section 7 of the Act, provided that this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein.*" For example, a <u>union may not breach their duty to fairly represent employees</u>. Although a union's conduct is entitled to a wide range of reasonableness, a union may not act <u>arbitrarily</u>, <u>discriminatorily</u>, or in bad faith. "Bad faith" means fraud, deceit, or dishonesty. Defendant Local 804 union had exclusive jurisdiction and responsibility to represent union members. Article 7 of the NMA states, "*The procedures set forth in the local, state and area <u>grievance procedure may be invoked only by the authorized Union representative</u> or Employer.*" Defendant UPS's and Defendant Local 804 union's conduct towards Plaintiff violated the Labor Management Relations Act: Section 301, Title (29 U.S.C. §185)  To prevail, the plaintiff must prove each of the following by a <u>preponderance</u> of the evidence:

1. That the Plaintiff was discharged from employment by the employer.
2. That such discharge was without '*just cause*' and
3. That the Union breached its duty to fairly represent the Plaintiff's interests under the NMA and CBA.

## V.      Relief

1.      That Plaintiff be reinstated to his place of employment, that Plaintiff be reimbursed for all loss wages, legal fees, compensatory and exemplary damages, any other cost that the Court see fit, and that Plaintiff be made whole again.

## VI.      Exhaustion of Federal Administrative Remedies

1.      On or about August 16, 2021, Plaintiff filed a complaint with the National Labor Relations Board (NLRB) against Defendant UPS for violating Plaintiff's right to remain on the job with pay in violation of Article 7 of the NMA and in violation of Article 12, Sections 1 & 2 of the CBA, and against Local 804 Union (IBT) for refusing to process Plaintiff's grievance in accordance with Article 18, Sections 1 & 2.

## VII.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**C.   For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: August 18, 2021

Signature of Plaintiff

Printed Name of Plaintiff    Leonard F. Goodman, Pro Se.